UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| QUIRINO TORRES JR., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-278 |
| § | |
| BEE COUNTY JAIL, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

This civil rights action was filed by Quirino Torres, Jr., a Texas state prisoner, pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's claim for money damages against the individual Defendants in their official capacities be

dismissed. It is respectfully recommended further that Plaintiff's claims against Defendants be dismissed as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Lastly, it is respectfully recommended that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

## I. JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Telford Unit in New Boston, Texas. The facts giving rise to Plaintiff's claims in this civil rights action occurred in connection with his previous confinement as a pretrial detainee at the Bee County Jail in Beeville, Texas.

Plaintiff filed his original complaint on September 25, 2019, naming the following defendants: (1) Bee County Jail; (2) Jailer Mason Johnson; (3) Jail Administrator Michael Page; and (4) Sheriff Alden E. Southmayd. Plaintiff generally claims that Defendants acted with deliberate indifference to his health and safety. Plaintiff does not indicate whether he seeks to sue the individual defendants in their individual capacities, official capacities, or both. Plaintiff seeks monetary relief.

On December 19, 2019, a *Spears*[1] hearing was conducted where Plaintiff was given an opportunity to explain his claims. The following allegations were made in Plaintiff's original complaint (D.E. 1) or at the hearing. In November 2017, another inmate requested that a chemical be brought into the jail in order to clean the toilet. The next day, Jailer Johnson brought the requested chemical into the jail pod where Plaintiff was located and stored it in a water bottle. The bottle was unlabeled and did not include a safety data sheet.

Plaintiff and his fellow inmates were being served a meal during chow time in the pod. Plaintiff usually has his own water bottle with him during chow time. After he finished eating his meal, Plaintiff mistakenly drank from the water bottle containing the unknown chemical. Plaintiff then tried to spit out the contents of what he had consumed.

Plaintiff was immediately taken to medical, and the nursing staff attempted to find out the contents of the water bottle but to no avail. Two or three days later, Plaintiff began to cough and spit up blood. Medical staff at the jail sent Plaintiff to the hospital, speculating that he may have tuberculosis (TB). After undergoing several additional tests for TB which were negative, Plaintiff was released from the hospital into the free world. Plaintiff never mentioned to the hospital doctors and nurses that he had ingested the chemical from the water bottle three days earlier.

Plaintiff's bleeding and coughing lasted about a month. He was arrested again and returned to the Bee County Jail where he stayed for about a year. Plaintiff currently

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

suffers from indigestion and heartburn issues which he believes relates back to the ingestion of the chemical over two years ago. Plaintiff takes over-the counter medications for his indigestion issues.

Plaintiff believes that Jail Administrator Page and Sheriff Southmayd are responsible in their supervisory capacities for failing to train Jailer Johnson in labeling dangerous chemicals in a proper manner. Plaintiff testified, however, he was not positive as to whether these supervisory defendants had failed to properly train Jailer Johnson and other subordinate officers. Plaintiff could not confirm whether the same event involving the ingestion of an unknown chemical had happened to other inmates.

### III. LEGAL STANDARD.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

IV.   DISCUSSION.

   A.   **Official Capacity Claims**

Suits against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (internal quotations and citation omitted). Thus, to the extent Plaintiff seeks to sue the individual Defendants in their official capacities, it is effectively a suit against the officials' office, Bee County. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Even if the Court were to substitute Bee County on behalf of the individual Defendants in their official capacities, Plaintiff would not be able to state a § 1983 claim against Bee County. A municipality is liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional

violation). Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Plaintiff fails to cite any county policy or practice that resulted in the violation of his constitutional rights. Accordingly, it is respectfully recommended that Plaintiff's claims against the individual Defendants in their official capacities be dismissed.

**B.     Bee County Jail**

The Bee County Jail is a building and is not, therefore, an entity capable of being sued. *See Rodriguez v. Bexar County Hospital District*, No. SA-14-CA-861, 2015 WL 7760209, *2 n.2 (W.D. Tex. Nov. 30, 2015). Accordingly, is respectfully recommended that Plaintiff's claim against the Bee County Jail be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

**C.     Deliberate Indifference**

Plaintiff was a pretrial detainee at the time the complained-of events occurred. Pretrial detainees have a constitutional right under the Due Process Clause to protection from harm during their confinement. *See Brumfield v. Hollins*, 551 F.3d 322, 327 (5th Cir. 2008) (citing *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc)). The duty to protect pretrial detainees from harm under the Due Process Clause is the same as the one afforded to convicted prisoners under the Eighth Amendment. *See Hare*, 74 F.3d at 650 ("[T]he State owes the same duty under the Due Process Clause and the

Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including protection from harm, during their confinement.").

An Eighth Amendment violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The test for deliberate indifference has both an objective and subjective prong. Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)). To prove the subjective prong of the deliberate indifference test, the inmate "must show both: (1) that the defendant was aware of facts from which the inference of an excessive risk to the [inmate's] health or safety could be drawn; and (2) that the defendant actually drew the inference that such potential for harm existed." *Trevino*, 2017 WL 1013089, at *3 (citing *Farmer*, 511 U.S. at 397 and *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999)).

The deliberate indifference standard "is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference is more than mere negligence. *Farmer*, 511 U.S. at 835. "Even proof of gross negligence does not establish deliberate indifference." *Levine v. Taylor*, No. 3:12-CV-186, 2017 WL 1215426, at *7 (S.D. Tex. Mar. 31, 2017) (citing *Whitley v. Hanna*, 726 F.3d 631, 641 (5th Cir. 2013)).

### (1) Jailer Johnson

Plaintiff alleges that Jailer Johnson acted with deliberate indifference to Plaintiff's health and safety when he: (1) brought an unknown chemical into Plaintiff's pod at the request of another inmate; (2) stored the chemical unlabeled in a water bottle; and (3) left the bottle containing the chemical in a position where Plaintiff could mistake it for a normal water bottle from which to take a drink.  Plaintiff alleges nothing to suggest that Jailer Johnson was aware of an excessive risk of harm to Plaintiff as presented by the chemical and then ignored such a risk by storing the chemical in a deliberate fashion in an unmarked water bottle for Plaintiff to find and ingest the contents.  Rather, Plaintiff's allegations reflect that Jailer Johnson's action were, at best, negligent.  Accordingly, it is respectfully recommended that Plaintiff's deliberate indifference claim against Jailer Johnson be dismissed as frivolous and/or for failure to state a claim for relief.

### (2) Jail Administrator Page and Sheriff Southmayd

Plaintiff sues Jail Administrator Page and Southmayd in their roles as supervisors. A prison supervisor cannot be held liable for the misconduct of his or her subordinates. See *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Id.* at 303-04. See also *Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

"Mere knowledge and acquiescence on a supervisor's part is insufficient to create supervisory liability under § 1983." *Doe v. Bailey*, No. H-14-2985, 2015 WL 5737666, at *9 (S.D. Tex. Sep. 30, 2015) (citing *Iqbal*, 556 U.S. at 677). "Supervisory officials may

be held liable if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

A supervisor may also be liable under § 1983 for failure to supervise or train if (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Establishing a supervisor's deliberate indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations." *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir. 2006) (citations omitted).

Because Plaintiff has failed to state an underlying deliberate indifference violation with respect to Jailer Johnson's actions, he cannot state a claim for supervisory liability against Jail Administrator Page or Sheriff Southmayd. *See Lerma v. Stevens*, No. 5:15-CV-070, 2015 WL 12978190, at *3 (N.D. Tex. Sep. 29, 2015) (citing *Breaux v. City of Garland*, 205 F.3d 150, 151 (5th Cir. 2000)). Even if could successfully state an underlying deliberate indifference claim, Plaintiff alleges nothing to indicate that these supervisory defendants personally participated in the denial of Plaintiff's constitutional rights or should otherwise be held liable in a supervisory capacity.

Furthermore, Plaintiff alleges no specific facts to reflect that the supervisory defendants failed to train their subordinates in a proper fashion regarding the handling of chemicals around prisoners. Plaintiff acknowledged at the *Spears* hearing that there were

no other similar incidents regarding the ingestion of chemicals by other inmates. Accordingly, it is respectfully recommended that Plaintiff's deliberate indifference claims against Jail Administrator Page and Sheriff Southmayd be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

## V.   CONCLUSION.

For the reasons stated above, it is respectfully recommended that Plaintiff's claim for money damages against the individual Defendants in their official capacities be dismissed.  It is respectfully recommended further that Plaintiff's claims against Defendants be dismissed as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  Lastly, it is respectfully recommended that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court forward a copy of this Memorandum and Recommendation to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 30th day of December, 2019.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).